**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40233
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO GOMEZ-RAMIREZ, also known as Armando Gomez-Rhea,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-490-1
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Armando Gomez-Ramirez appeals his conviction of attempting to reenter the United States without authorization following deportation after conviction of an aggravated felony. He argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Gomez-Ramirez's argument is foreclosed by _Almendarez-Torres v. United States_, 523 U.S. 224, 235, 239-47

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1998). *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000), did not overrule that decision. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000). Thus, the district court did not err in sentencing Gomez-Ramirez under 8 U.S.C. § 1326(b).

AFFIRMED.